IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHEYANNA JOHNSON, RONNIE JOHNSON and R.J., minor, by and through her guardian, CHEYANNA JOHNSON )))))) | |
| ) | Court No. |
| Plaintiffs, ))) | |
| ) | **Jury Trial Demanded** |
| vs. ))) | |
| DONALD TRESSELL and MAST TRUCKING, INC, an Ohio Corporation ))) | |
| Defendants. | |

## NOTICE OF REMOVAL

NOW COME the Defendants, DONALD TRESSELL, incorrectly named as DONALD TRESELL, and MAST TRUCKING, INC., incorrectly named as MAST TRUCKING, by their attorneys, CHILTON YAMBERT & PORTER LLP, pursuant to Title 28 USC §1332, 1441 and 1446, hereby files their Notice of Removal of the cause entitled *Cheyanna Johnson, Ronnie Johnson, and R.J., minor by and through her guardian Cheyanna Johnson, Plaintiffs v. Donald Tresell and Mast Trucking, Inc., an Ohio Corporation*, filed in the Circuit Court of the 1st Judicial Circuit, Cook County, Illinois, under case number 2009 L 013348.

As grounds for removal, Defendants, DONALD TRESSELL and MAST TRUCKING, INC., state as follows:

1. Plaintiffs, CHEYANNA JOHNSON, RONNIE JOHNSON, and R.J., minor by and through her guardian CHEYANNA JOHNSON, ("Plaintiffs"), commenced an action against the above referenced Defendants on or about November 10, 2009, by filing Plaintiffs' Complaint at Law in the Circuit Court of Cook County, Illinois, under case number 2009 L 013348. A copy of Plaintiffs' Complaint at Law is attached hereto as Exhibit A.

2. On or about November 24, 2009, Defendant, MAST TRUCKING, INC, received notice that Plaintiffs filed said Complaint at Law. On December 3, 2009, Defendant, MAST TRUCKING, INC., was served with summons and a copy of Plaintiffs' Complaint at Law. Upon information and belief, Defendant, DONALD TRESSEL, to date has not been served. On December 18, 2009, counsel for Defendants, DONALD TRESSELL and MAST TRUCKING, filed in the Circuit Court of Cook County, Illinois, their Appearance and Jury Demand. True and correct copies of said documents are attached hereto as Exhibit B. Accordingly, this Notice of Removal is filed within thirty days of service of the Complaint upon Defendants.

3. Defendant, MAST TRUCKING, INC. is a citizen of the State of Ohio and was a citizen of Ohio at the time of the alleged incident. It is an Ohio corporation with its principal place of business in Millersburg, Ohio. *See* Business Information Record from the Ohio Secretary of State, attached hereto as Exhibit C.

4. That Defendant, DONALD TRESSSEL, at all times relevant, has been a citizen of the State of Ohio, residing at 1969 US 62, Winesburg, Ohio. *See* Sheet 1 of the Illinois Traffic Crash Report for the subject incident, attached as Exhibit D.

5. That upon information and belief, Plaintiff, CHEYANNA JOHNSON, at all times relevant has been a citizen of the State of Illinois, residing at 14340 Blackstone Avenue, Dolton, Illinois. *See* Exhibit D.

6. That upon information and belief, Plaintiff, RONNIE JOHNSON, at all times relevant has been a citizen of the State of Illinois, residing at 14340 Blackstone Avenue, Dolton, Illinois. *See* Exhibit D.

7. For purposes of diversity jurisdiction minors generally are deemed citizens of the state where their parents or legal guardian(s) are domiciled, because "most minors are legally incapable of forming the requisite intent to establish a domicile." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted). Upon information and belief,

Plaintiffs, CHEYANNA JOHNSON and RONNIE JOHNSON are the parents of Plaintiff, R.J. Thus, Plaintiff, R.J., minor, by and through her guardian, CHEYANNA JOHNSON, at all times relevant has been a citizen of the State of Illinois.

8. Where there are separate and distinct claims against more than one defendant, such claims may not be aggregated to meet the amount in controversy. *North American Mechanical Services Corp. v. Hubert*, 859 F.Supp. 1186, 1189 (C.D.Ill. 1994). However, where multiple defendants are alleged to be jointly liable to a plaintiff, those claims may be aggregated. *See Id.* Plaintiffs filed their Complaint at Law naming DONALD TRESELL and MAST TRUCKING, INC., as defendants. Plaintiffs' Complaint has only count. In its sole count, Plaintiffs allege that Defendant, DONALD TRESSELL, was negligent individually and as an agent of Defendant, MAST TRUCKING, INC. Exhibit A, par. 9. Thus, Plaintiffs claims against DONALD TRESELL and MAST TRUCKING, INC. cannot be construed as separate and distinct, and they may be aggregated to meet the amount in controversy.

9. Defendants concede that the combined losses of multiple plaintiffs may not be aggregated to determine the amount in controversy for purposes of diversity jurisdiction. *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 727 (7th Cir. 2004). In this matter, however, each plaintiff's individual claims are sufficient to meet the required jurisdictional amount in controversy.

11. While the Plaintiffs' Complaint only prays for damages in an amount greater than $30,000 pursuant to Illinois pleading requirements, the allegations in the Complaint illustrate that the matter in controversy exceeds the sum or value of $75,000 for each plaintiff. The Complaint alleges that the Plaintiffs' vehicle was "rear ended" by the vehicle driven by Defendant, DONALD TRESSELL, and owned by Defendant, MAST TRUCKING, INC. Exhibit A, par. 5. More importantly, the Plaintiffs allege that they "suffered *severe injuries* and property damage as a result of the crash." *Id.* at par. 7 (emphasis added). Furthermore, Plaintiffs allege in their

Complaint at Law that as a result of this incident they "were *severely injured* and *permanently injured, seriously* and *permanently disabled*, experienced *great conscious pain* and *suffering*, and incurred obligations for *substantial sums of money* for medical, hospital and related expenses, and lost income." *Id.* at par. 10 (emphasis added). In short, Plaintiffs each allege very serious and permanent injuries and disabilities. Furthermore, each Plaintiff claims great pain and suffering and alleges he or she has incurred "substantial sums of money" for medical expenses and other damages. Accordingly, based on all the above, the amount in controversy for each plaintiff in this matter is in excess of $75,000, exclusive of interest and costs. *See, e.g., Reid v. Kohl's Dept. Stores, Inc.*, 545 F.3d 479, 481 n.1 (7th Cir. 2008) (finding that the defendant's good faith belief that the amount in controversy exceeded $75,000 was appropriate where the plaintiff plead in her complaint that she suffered "severe" and "debilitating" injuries requiring her to spend "large sums of money" on medical bills, despite the fact that the record provided scant information as to the specifics of plaintiff's injuries and did not specify an amount of damages).

12. 28 USC § 1332 provides that:

   a) The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between;
   (1) Citizens of different States . . . .

13. Removal is proper here where this is a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity between plaintiffs and defendants.

WHEREFORE, Defendants, DONALD TRESSELL and MAST TRUCKING, INC., files their Notice of Removal, removing the State Court action from the Circuit Court of the 1st Judicial District, Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

                                        DONALD TRESSELL and MAST TRUCKING, INC.,

                                        By:    s/ *Laura P. Gordon*
                                                   One of Their Attorneys

Laura P. Gordon #6294274
Jason Orleans
Chilton Yambert & Porter LLP
325 W. Washington Street, Suite 400
Waukegan, IL  60085
(847)625-8200
Firm No. 35613

## Certificate of Service

I hereby certify that on December 18, 2009, I filed Defendants' Notice of Removal with the Clerk of the Court using the CM/ECF system.

Respectfully submitted,

By: *s/ Laura P. Gordon*

Laura P. Gordon #6294274
CHILTON YAMBERT & PORTER LLP
325 Washington Street, Suite 400
Waukegan, IL 60085
847/625-8200
847/625-8262
Firm No. 35613